COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-356-CR

ALBERT MANNING, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Albert Manning, Jr. appeals his conviction and sentence for delivery of less than one gram of cocaine, enhanced by two prior state jail felony convictions.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal.
(footnote: 3)  Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 4)  Although appellant was given the opportunity to file a pro se brief, he has not done so.

Our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 5)  

The evidence is legally and factually sufficient to support the jury’s guilty finding.
(footnote: 6)  The evidence shows that appellant sold a $20 piece of crack cocaine to Officer Mark Beseda, an undercover police officer who identified him at trial.  Scientific evidence admitted at trial showed that the substance that Beseda bought from appellant was analyzed by an infrared spectrophotometer, which was recognized within the scientific community as being a proper instrument for determining whether a substance contains cocaine.  The person who conducted the analysis was properly trained and followed standard testing procedures.  Her notes indicated that the substance in question was almost pure cocaine and weighed .16 gram.  

The trial court properly charged the jury on the charged offense and the applicable range of punishment, and the punishment assessed is within the statutory range.
(footnote: 7)  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 26, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

5:
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

6:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out legal sufficiency standard of review); Watson v. State, No. PD-0469-05, 2006 WL 2956272, at *8, 10 (Tex. Crim. App. Oct. 18, 2006)
 (setting out factual sufficiency standard of review). 

7:
See
 
Tex. Health & Safety Code Ann.
 § 481.112(a)–(b) (Vernon 2003); 
Tex. Penal Code Ann.
 §§ 12.34, 12.42(a)(1) (Vernon 2003)
.